UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF DETROIT,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM WILSON STUBBLEFIELD,<br>II LIVING TRUST,<br><br>    Defendant. | Case No. 25-13840<br>Honorable Laurie J. Michelson |

**ORDER SUMMARILY REMANDING CASE**

William Wilson Stubblefield, II (purportedly proceeding through a living trust) seeks to remove an ongoing criminal prosecution against him in the 36th District Court in Wayne County, Michigan. (*See generally* ECF No. 1.) He argues that removal is proper because his federally protected civil rights have been violated in that proceeding. (*Id.* at PageID.3.) Stubblefield thus asks for a stay against the state-court proceeding. (*Id.* at PageID.5.) He also filed an application to proceed *in forma pauperis*. (ECF No. 2.)

For the reasons that follow, the Court concludes that removal is improper and REMANDS the case. And in so doing, the Court DENIES AS MOOT Stubblefield's application to proceed *in forma pauperis*.

## I.

In "rare circumstances," 28 U.S.C. §§ 1443(1) and 1455 enable a criminal defendant to remove a state criminal prosecution to federal court.[1] *See Thurmond v. Southfield Police Dep't*, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017). Removal is permitted under these statutes only if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." *See* 28 U.S.C. § 1443(1). As the Sixth Circuit put it, this procedure remedies the "specific and discrete problems involving removal of cases . . . in which the defendant cannot enforce his claim of civil rights in the state court[.]" *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). § 1445 governs the procedural requirements in such cases, and § 1443(1) provides the substantive ones.

Under 28 U.S.C. § 1455(b)(4), a federal court in receipt of a removed state-court prosecution must "promptly examine" the removal for compliance with § 1455 and § 1443(1). 28 U.S.C. § 1455(b)(4). And "[i]f it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." *Id.*

The Court has conducted such an examination in this case, and finds that Stubblefield has not satisfied either statute's requirements.

---

[1] Stubblefield cites a slew of other purported causes of action that supposedly permit the removal of pending criminal cases. (*See* ECF No. 1, PageID.2–5.) None do. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 829–31 (1966) (explaining how the removal of a criminal case differs from the many other remedies available to vindicate alleged racial discrimination in a state criminal case, including direct appeals to the United States Supreme Court and the filing of civil rights cases and petitions for habeas corpus in federal court).

### A.

Start with § 1455's procedural requirements. Among other things, § 1455(a) requires that a defendant seeking to remove a state criminal prosecution file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier," unless the defendant has shown good cause for the delay. *Id.* at § 1455(b)(1).

Stubblefield fails on both fronts. First, his notice of removal does not attach any documents associated with the criminal case against him (*see generally* ECF No. 1), let alone copies of "all process, pleadings, and orders" served on him in the state case. *See* 28 U.S.C. § 1455(a). Second, it appears that the notice of removal was filed more than 30 days after his arraignment, and Stubblefield offers no explanation for the delay. *See Detroit v. Stubblefield*, No. SP15767822, (36th D. Ct., October 24, 2025); *see also* ECF No. 1 (notice of removal dated December 1, 2025).

So Stubblefield fails to satisfy § 1455's procedural requirements.

### B.

Stubblefield fares no better with § 1443(1)'s substantive requirements. Recall that removal is permitted if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." *See* 28 U.S.C. § 1443(1). A defendant seeking removal must therefore clear two substantive hurdles.

3

First, the defendant must have been denied a right arising under a federal law "that provides for specific civil rights stated in terms of racial equality; second, the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *See Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989).

The second requirement sets the bar high, because a district court "must assume that the defendant's constitutional rights will be protected in the state court." *People of State of Mich. v. Martin*, 894 F.2d 1336 (6th Cir. 1990) (unpublished table decision) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). Indeed, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood*, 384 U.S. at 828. In other words, removal is not appropriate simply because the state has brought criminal charges against the defendant. *See Johnson v. Mississippi*, 421 U.S. 213, 222 (1975). Nor is it "warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." *State of Georgia v. Rachel*, 384 U.S. 780, 800 (1966).

Even if Stubblefield could clear the first requirement, he still falters at the second.

For starters, Stubblefield makes no argument that he is "unable to or [is] denied the opportunity to enforce" his civil rights in state court. *See Tennessee Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280–81 (6th Cir. 2015). He only

4

conclusorily states that he cannot do so because the "State proceedings are biased or fail to recognize trust immunity" and because the "State remedies are inadequate to protect federally guaranteed rights." (ECF No. 1, PageID.2.) But Stubblefield's case has not yet left the trial court—indeed there is no indication on the public docket that he has even advanced these arguments to the trial court—so any argument about the alleged deprivation of his civil rights can be brought during a direct appeal in state court. *See Winesburgh*, 614 F. App'x at 281 ("The relevant inquiry is whether 'the *courts* of the state in question' are closed to [defendant's] claims.") (emphasis in original).

More critically, Stubblefield makes no argument that the "very act of bringing [him] to trial in the state court" violates his rights. *See Greenwood*, 384 U.S. at 828. Take, for example, *State of Georgia v. Rachel*, 384 U.S. 780 (1966). There, a group of African American defendants were allegedly asked to leave restaurants around Atlanta for "solely racial reasons" and then prosecuted for trespassing when they refused. *Id.* at 783, 804. The Supreme Court found that removal would be appropriate on these facts. *Id.* at 804. It concluded that "any proceedings in the courts of the State [would] constitute a denial of the rights conferred by the Civil Rights Act of 1964[,]" which guaranteed defendants' right to the "full and equal enjoyment" of the restaurants. *Id.* at 788, 804. In other words, the state prosecution *itself* violated the defendants' civil rights.

In contrast, Stubblefield does not suggest that the state prosecution itself violates his rights. He asserts an immunity defense (ECF No. 2, PageID.2) and alleges

the state court "ignored procedural rights" and "failed to acknowledge motions," (ECF No. 1, PageID.5), but "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." *Rachel*, 384 U.S. at 800.

So Stubblefield fails to satisfy § 1443(1)'s substantive requirements as well.

## II.

Section 1443(1) simply "do[es] not operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 831 (1966). But that is exactly what Stubblefield asks this Court to do. Accordingly, removal is improper and this case is REMANDED to the 36th District Court in Wayne County. And Stubblefield's application to proceed in forma pauperis (ECF No. 2) is DENIED AS MOOT.

SO ORDERED.

Dated: January 5, 2026

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE